UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CESAR M.,                                                    Case No. 26-CV-0280 (PJS/LIB)

          Petitioner,

v.                                                                        ORDER

DAVID EASTERWOOD, Field Office
Director of Enforcement and Removal
Operations, St. Paul Field Office,
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; PAMELA BONDI,
U.S. Attorney General;  TODD LYONS,
Acting Director and Senior Official
Performing the Duties of the Director of U.S.
Immigration and Customs Enforcement;
JOEL BROTT, Sherburne County Jail Sheriff,

          Respondents.

---

    Kevin Heinz, HEINZ LAW PLLC, for petitioner.

    Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for all respondents other than Joel Brott.

    This matter is before the Court on petitioner Cesar M.'s petition for a writ of habeas corpus.[1]  Cesar, a citizen of Guatemala, entered the United States without inspection in 2021 as a minor.  V. Pet. ¶¶ 5, 10.  He currently has a pending application for asylum and a pending petition for Special Immigrant Juvenile Status.  Id. ¶ 10.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

Because of his pending applications, he is authorized to work in the United States. *Id.* ¶ 4. On January 1, 2026, United States Immigration and Customs Enforcement arrested Cesar without a warrant when he was on his way to work. *Id.*

Respondents take the position that Cesar is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore he is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both recent interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Cesar filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). Respondents argue that *Santos M.C.* was wrongly decided, but otherwise do not contend that this case is distinguishable. As the Court has previously noted, although respondents' argument has some force, the Court continues to believe that the better

-2-

reading is that § 1225(b)(2) does not apply to aliens, such as Cesar, who entered without inspection and are already present and living in the United States.[2]

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Cesar alleged in his verified petition that his arrest was warrantless, V. Pet. ¶ 4, and respondents have not argued otherwise or presented evidence to the contrary. The Court will therefore grant Cesar's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026

_____
Patrick J. Schiltz, Chief Judge
United States District Court